Matter of Paul C.T. (Donna F.T.--Renee G.T.) (2025 NY Slip Op 01883)

Matter of Paul C.T. (Donna F.T.--Renee G.T.)

2025 NY Slip Op 01883

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

V-2687/19 V-1424/18 Case No. 2023-04728|Docket No. V-2687/19 V-/18|Appeal No. 3993|Case No. 2023-04728|

[*1]In the Matter of Paul C.T., Petitioner-Appellant, Donna F.T., Petitioner, Renee G.-T., et al., Respondents-Respondents. 

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Marion C. Perry, New York, for Renee G.-T, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about August 8, 2023, which, after a hearing, denied petitioner grandfather's application for in-person and virtual visits with the subject child but permitted him to send her letters and gifts until such time when respondent mother determined the child was ready for visitation with the grandfather, unanimously affirmed, without costs.
Family Court providently exercised its discretion in determining that in-person and virtual visits between the child and the paternal grandfather were not in the child's best interests (see Matter of Albertina C. v Administration for Children's Servs, 125 AD3d 483, 484 [1st Dept 2015], lv denied 25 NY3d 906 [2015]). This finding, based on the court's credibility determinations, is entitled to great deference (see Matter of Trina L. v Michelene M., 227 AD3d 472, 474 [1st Dept 2024]).
The record established that historically the grandfather's contact with the child was largely limited to visits during the summer and holidays. However, even that limited contact ceased sometime in late 2016 when the father cut off contact with the paternal grandparents. The grandparents' renewed involvement in the child's life led to a Family Court Act article 10 proceeding against the parents, during which the child was removed from their care. Notably, the case against the mother was later dismissed with prejudice.
The court properly concluded that the issues in the case went beyond the animosity between the parties, and that the mother's objection to the visits was not solely based on the existing acrimony (see Matter of Sands v Sands, 174 AD3d 628, 630 [2d Dept 2019]; Matter of Gloria R. v Alfred R., 209 AD2d 179, 179 [1st Dept 1994], lv dismissed in part, denied in part 85 NY2d 882 [1995]). The record established that the grandfather and the entire paternal family were highly critical and dismissive of the mother's parenting. For example, immediately after the November 2019 visits took place, North Carolina Child Protective Services received a report alleging that the child was educationally neglected. The exhaustive testimony about the tumultuous visitation exchanges, which culminated in the paternal grandparents sending their attorney to confront the mother in the child's presence, raised well-founded concerns about the grandparents' ability to act in a manner consistent with the child's best interests and highlighted their lack of concern for the child's emotional well-being. Moreover, neither grandparent's testimony demonstrated any empathy or sensitivity to the fact that a child, who had recently lost a parent and was removed from her mother due to their involvement, might be reluctant to see them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025